FILED
2022 Jun-22  PM 12:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT COURT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **DEMARCUS RODGERS, on behalf of himself and all others similarly situated,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action 2:22-cv-00504-AMM** |
| | ) | |
| **KRAFT HEINZ FOODS COMPANY,** | ) | **CLASS ACTION COMPLAINT** |
| | ) | **FOR EQUITABLE RELIEF** |
| | ) | **AND DAMAGES** |
| **Defendant.** | ) | |

**FIRST AMENDMENT TO CLASS ACTION COMPLAINT**

Plaintiff, DeMarcus Rodgers, on behalf of himself and all others similarly situated, brings this class action against Defendant Kraft Heinz Foods Company ("Kraft Heinz"), and alleges on personal knowledge, investigation of his counsel, and on information and belief as follows:

**INTRODUCTION**

1.     Plaintiff brings this class action on behalf of himself and all other similarly situated persons and against Kraft Heinz seeking damages and equitable relief for himself and the putative Classes.

2.     This action stems from Kraft Heinz' false labelling, and deceptive trade practices concerning its 19 oz cannisters of Country Time lemonade and pink lemonade powder drink mixes, which purport to make eight (8) quarts of lemonade per cannister.  This labelling is false and misleading.

3.     Plaintiff's claims are for violation of the Magnuson-Moss Warranty Act, Breach of Express Warranty, Breach of Implied Warranty, and violation of the Alabama Deceptive Trade Practices Act.

1

## PARTIES

4.     Plaintiff DeMarcus Rodgers is a resident citizen of Bessemer, Alabama.

5.     Defendant Kraft Heinz is a citizen of Pennsylvania and Illinois as it is incorporated in the State of Pennsylvania with its principal place of business in Chicago, Illinois.

6.     Kraft Heinz may be served with process through its registered agent, C T Corporation System, at 2 North Jackson Street Suite 605 Montgomery, Alabama 36104.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 Class members, the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one class member, Plaintiff, is a citizen of a state different from Defendant.

8.     This Court has personal jurisdiction over Defendant as many of the acts and omissions giving rise to this action occurred in the State of Alabama, including purchases of the 19 oz cannisters of Country Time lemonade and pink lemonade powder drink mixes by Plaintiff and other putative Class Members.  Defendant has sufficient minimum contacts with the State of Alabama and intentionally availed itself, and continues to avail itself, of the jurisdiction of this Court through its business ventures; specifically, the promotion, sale, marketing, and distribution of their products, including the 19 oz cannisters of Country Time lemonade and pink lemonade powder drink mixes, in this State through its multiple distributors located in this State.

9.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District as Defendant does business throughout this District, including promoting, selling, marketing, and distributing the 19 oz cannisters of Country Time lemonade and pink lemonade powder drink

mixes at issue, and the named Plaintiff purchased 19 oz cannisters of Country Time lemonade and pink lemonade powder drink mixes in this District.

## GENERAL FACTUAL ALLEGATIONS
## COMMON TO ALL CLASS MEMBERS

**A. Kraft Heinz' Labelling of the 19 oz Cannisters of Country Time Lemonade and Pink Lemonade Powder Drink Mixes**

10.     Kraft Heinz advertises, markets, distributes, and sells its 19 oz cannisters of Country Time lemonade and pink lemonade powder drink mixes in its distributors' stores, in Alabama and throughout the country, and through online vendors who also sell and deliver to Alabama and throughout the country.

11.     The 19 oz cannisters of Country Time lemonade and pink lemonade powder drink mixes' labels state that it makes eight quarts of lemonade.  The cannister lid is used as a measuring cup, with one line for measuring one quart, and another line for measuring two quarts.  The cannister, while purporting to make eight quarts of Country Time lemonade and pink lemonade, only contains enough powder drink mix to make less than eight quarts of Country Time lemonade and pink lemonade.

12.     The powder drink mixes come in a variety of flavors including, but not limited to, lemonade and pink lemonade.

13.     The label details instructions on measuring the powder drink mix as follows:

Measure COUNTRY TIME MIX into cap just to line, or use 2 tablespoons of MIX for single serving.  Add more or less to taste.  Pour into drinking glass, or plastic or glass pitcher.  Add cold water and ice; stir to dissolve.  Do not store in metal container.

(capitalization in original).

14.     Kraft Heinz' statements prominently displayed on the label are untrue, misleading, and likely to deceive reasonable consumers such as Plaintiff, because the cannisters do not contain

3

enough powder drink mix to make eight quarts of lemonade or pink lemonade using the mix line in the cap.

15.     Kraft Heinz' labelling of the 19 oz cannisters of Country Time lemonade and pink lemonade powder drink mixes is uniform throughout the United States.

16.     Kraft Heinz' misrepresentations and omissions are misleading, likely to deceive, and do deceive reasonable consumers because the 19 oz cannisters of Country Time lemonade and pink lemonade powder drink mixes do not contain enough powder drink mix to make eight quarts as labelled.

**B.  Kraft Heinz Deceptively Markets and Labels the 19 oz Cannisters of Country Time Lemonade and Pink Lemonade Powder Drink Mixes to Induce Consumers to Purchase the Powder Drink Mixes**

17.      Representations that a product "makes 8 quarts" is material to a reasonable consumer.

18.     Kraft Heinz labels its 19 oz cannisters of Country Time lemonade and pink lemonade powder drink mixes with these promises to increase the sales of its products.  Kraft Heinz is aware that the claims are material to consumers.

19.     Despite knowing that the 19 oz cannisters of Country Time lemonade and pink lemonade powder drink mixes do not contain enough powder drink mix to make eight quarts, Kraft Heinz has engaged in a widespread marketing campaign to portray that the 19 oz cannisters of Country Time lemonade and pink lemonade powder drink mixes make eight quarts.  This is not true.

20.     Because it is not feasible for a reasonable consumer to physically examine or test the contents of a food product prior to sale, consumers must and do rely on representations and product appearance to determine which food product to buy among comparable alternatives.

4

21.     Products that are entirely enclosed in packaging, such as Kraft Heinz' 19 oz cannisters of Country Time lemonade and pink lemonade powder drink mixes, require the consumer to rely entirely on representations about the product.

22.     Here, Plaintiff and the other Class members reasonably relied to their detriment on Kraft Heinz' deceptive representations and omissions.

23.     Kraft Heinz made the deceptive representations and omissions on the 19 oz cannisters of Country Time lemonade and pink lemonade powder drink mixes with the intent to induce Plaintiff and the other Class members to purchase the 19 oz cannisters of Country Time lemonade and pink lemonade powder drink mixes.

24.     Kraft Heinz' false, misleading, and deceptive representations and omissions are likely to continue to deceive and mislead the other Class members.

25.     Had Kraft Heinz not made false, misleading, and deceptive misrepresentations and omissions, Plaintiff and the other Class members would not have been economically injured.

## PLAINTIFF'S SPECIFIC FACTUAL ALLEGATIONS

26.     Plaintiff DeMarcus Rodgers purchased Kraft Heinz' 19 oz cannisters of Country Time powder drink mixes during the Class Period (defined below), including but not limited to the lemonade and pink lemonade flavors.

27.     Plaintiff purchased these cannisters from Walmart and the Tarrant Food Outlet in Jefferson County, Alabama.

28.     Plaintiff bought these 19 oz cannisters of Country Time lemonade and pink lemonade powder drink mixes for his personal use at home to drink.

29.     Plaintiff began noticing that the lemonade and pink lemonade tasted diluted.

30.     Plaintiff further noticed that when measuring the powder drink mix, he was only able to measure six quarts worth of powder drink mix instead of the usual eight quarts worth of powder drink mix per cannister.

31.     Plaintiff would not have purchased the 19 oz cannisters of Country Time lemonade and pink lemonade powder drink mixes had he known that they did not contain enough powder drink mix to make eight quarts of drink as stated on the label.

32.     Plaintiff has had to purchase additional 19 oz cannisters of Country Time lemonade and pink lemonade powder drink mixes to make up for the lost volume of powder to make lemonade and pink lemonade to drink.

33.     Kraft Heinz' misrepresentations were material to Plaintiff's purchase decision because Plaintiff, acting as a reasonable consumer, cares about whether the 19 oz cannisters of Country Time lemonade and pink lemonade powder drink mixes contain the amount of powder drink mix they purport to contain, and thus attaches importance to the statement "makes 8 quarts" when making a decision to purchase the 19 oz cannisters of Country Time lemonade and pink lemonade powder drink mixes.

34.     As a result of Kraft Heinz' misrepresentations, Plaintiff brings this class action to secure, among other things, equitable relief, declaratory judgment, restitution and alternative damages, for a Class of similarly situated United States purchasers, against Kraft Heinz.

35.     Plaintiff seeks damages individually and on behalf of the Class.

## CLASS ACTION ALLEGATIONS

36.     Plaintiff brings this action on his own behalf, and on behalf of the following Nationwide Class and Alabama Subclass pursuant to FED. R. CIV. P. 23(a), 23(b)(2), and/or 23(b)(3).  Specifically, the Class is defined as:

6

     a.   All persons in the United States who, within the relevant and applicable statute of limitations period, purchased a 19 oz cannister of Country Time lemonade and/or pink lemonade powder drink mix.

37.    Plaintiff also brings this action on his own behalf, and on behalf of the following Class pursuant to FED. R. CIV. P. 23(a), 23(b)(2), and/or 23(b)(3).  Specifically, the Subclass is defined as:

     a.   All persons in Alabama who, within the relevant and applicable statute of limitations period, purchased a 19 oz cannister of Country Time lemonade and/or pink lemonade powder drink mix.

38.    Excluded from the Class are (a) any person who purchased the 19 oz cannisters of Country Time lemonade and pink lemonade powder drink mixes solely for resale and not for personal or household use, (b) any officers, directors, or employees, or immediate family members of the officers, directors, or employees, of Kraft Heinz or any entity in which Kraft Heinz has a controlling interest, (c) any legal counsel or employee of legal counsel for Kraft Heinz, and (d) the presiding Judge in the Lawsuit, as well as the Judge's staff and their immediate family members.

39.    **Numerosity.**  Class Members are so numerous and geographically dispersed that joinder of all Class Members is impracticable.  While the exact number of Class Members remains unknown at this time, upon information and belief, there are tens of thousands of putative Class Members.  Class Members may be notified of the pendency of this action by mail and/or electronic mail, which can be supplemented if deemed necessary or appropriate by the Court with published notice.

40.    **Predominance of Common Questions of Law and Fact.**  Common questions of law and fact exist as to all Members of the Class and predominate over any questions affecting only individual Class Members.  These common legal and factual questions include, but are not limited to, the following:

a.   Whether Kraft Heinz failed to comply with its warranties;

b.   Whether Kraft Heinz' conduct constitutes a breach of applicable warranties;

c.   Whether labelling the 19 oz cannisters of Country Time lemonade and pink lemonade powder drink mixes stating it "makes 8 quarts" is false and/or deceptive;

d.   Whether Kraft Heinz has misrepresented facts about the 19 oz cannisters of Country Time lemonade and pink lemonade powder drink mixes;

e.   Whether Kraft Heinz' representation and omissions regarding the nature of the 19 oz cannisters of Country Time lemonade and pink lemonade powder drink mixes constitute false and/or deceptive trade practices;

f.   Whether Kraft Heinz' acts, omissions, or misrepresentations of material facts violated state deceptive practice acts, including those of the State of Alabama;

g.   Whether Plaintiff and the putative Class Members have suffered an ascertainable loss as a result of Kraft Heinz' acts, omissions, or misrepresentations of material facts;

h.   Whether Plaintiff and the putative Class Members are entitled to monetary damages and, if so, the amount of such relief; and

i.   Whether Plaintiff and the putative Class Members are entitled to equitable, declaratory, or injunctive relief and, if so, the nature of such relief.

41.   Pursuant to Rule 23(b)(2), Kraft Heinz has acted or refused to act on grounds generally applicable to the putative Class, thereby making final injunctive or corresponding declaratory relief appropriate with respect to the putative Class as a whole.  In particular, Kraft Heinz has designed, manufactured, marketed, sold, and/or distributed the 19 oz cannisters of Country Time lemonade and pink lemonade powder drink mixes, which Defendant knows or should have known was labelled falsely and/or deceptively and provided inadequate disclosure to consumers, including Plaintiff and the putative Class Members.

42.   **Typicality.**   Plaintiff's claims are typical of the claims of the Members of the putative Class, as each putative Class Member was subject to the same common false and/or misleading labelling.  Plaintiff shares the aforementioned facts and legal claims or questions with

putative Class and Plaintiff and all putative Class Members have been similarly affected by Kraft Heinz' common course of conduct alleged herein.  Plaintiff and all putative Class Members sustained monetary and economic injuries including, but not limited to, ascertainable loss from their purchases of the 19 oz cannisters of Country Time lemonade and pink lemonade powder drink mixes.

43.   **Adequacy.**   Plaintiff will fairly and adequately represent and protect the interests of the putative Class.  Plaintiff has retained counsel with substantial experience in handling complex class action litigation.  Further, Plaintiff and his counsel are committed to the vigorous prosecution of this action.

44.   **Superiority.**   A class action is superior to other available methods for the fair and efficient adjudication of the present controversy for at least the following reasons:

    a.   The damages suffered by each individual putative Class Member do not justify the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Kraft Heinz' conduct;

    b.   Even if individual Class Members had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed;

    c.   The common claims presented in this case predominate over any questions of law or fact affecting individual Class Members;

    d.   Individual joinder of all putative Class Members is impracticable;

    e.   Absent a Class, Plaintiff and the putative Class Members will continue to suffer harm as a result of Kraft Heinz' unlawful conduct; and

    f.   This action presents no difficulty that would impede its management by the Court as a class action, which is the best available means by which Plaintiff and the putative Class Members can seek redress for the harm caused by Kraft Heinz.

45.   Alternatively, the Class may be certified for the following reasons:

    a.   The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudication with respect to individual Class

Members, which would establish incompatible standards of conduct for Kraft Heinz;

b. Adjudications of individual Class Members' claims against Kraft Heinz would, as a practical matter, be dispositive of the interests of other putative Class Members who are not parties to the adjudication and may substantially impair or impede the ability of other putative Class Members to protect their interests; and

c. Kraft Heinz has acted or refused to act on grounds generally applicable to the putative Class, thereby making appropriate final and injunctive relief with respect to the putative Class as a whole.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT
### (15 U.S.C. § 2301, *et seq.*)
### (On behalf of the Nationwide Class and the Alabama Subclass)

46.     Plaintiff asserts this cause of action on behalf of himself and the Nationwide Class and the Alabama Subclass.

47.     Kraft Heinz sold  19 oz cannisters of Country Time lemonade and pink lemonade powder drink mixes as part of its regular course of business.

48.     Plaintiff and the putative Class Members purchased 19 oz cannisters of Country Time lemonade and pink lemonade powder drink mixes either directly from Kraft Heinz or through authorized retailers.

49.     All 19 oz cannisters contain the same labelling.

50.     The Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*, provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with a written warranty.

51.     The 19 oz cannisters of Country Time lemonade and pink lemonade powder drink mixes are a "consumer product" as that term is defined by 15 U.S.C. § 2301(1), as it constitutes

tangible personal property which is distributed in commerce and which is normally used for personal, family, or household purposes.

52.     Plaintiff and the putative Class Members are "consumers" and "buyers" as defined by 15 U.S.C. § 2301(3), as they are buyers of the 19 oz cannisters of Country Time lemonade and pink lemonade powder drink mixes for purposes other than resale.

53.     Kraft Heinz is an entity engaged in the business of making and selling the 19 oz cannisters of Country Time lemonade and pink lemonade powder drink mixes, either directly or indirectly, to consumers such as Plaintiff and the putative Class Members.  As such, Kraft Heinz is a supplier as defined in 15 U.S.C. § 2301(4).

54.     Kraft Heinz "guarantee[d]" the 19 oz cannisters of Country Time lemonade and pink lemonade powder drink mixes by expressly stating so on their label.

55.     Kraft Heinz made promises and representations in an express warranty provided to all consumers, which became the basis of the bargain between Plaintiff, the putative Class Members, and Kraft Heinz.  Kraft Heinz expressly warranted that the 19 oz cannisters of Country Time lemonade and pink lemonade powder drink mixes were fit for its intended purpose by making the express warranties that the 19 oz cannisters of Country Time lemonade and pink lemonade powder drink mixes make 8 quarts of lemonade or pink lemonade.

56.     Kraft Heinz' aforementioned written affirmations of fact promises and/or descriptions, as alleged, are each a "written warranty."  The affirmations of fact promises and/or descriptions constitute a "written warranty" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(6).

57.     Kraft Heinz breached the applicable warranty because the promises made in the labels are untrue and/or misleading, rendering the 19 oz cannisters of Country Time lemonade and

pink lemonade powder drink mixes unfit for their intended use and purpose. The 19 oz cannisters made less than eight quarts of the mixes.

58.     These failures substantially impair the use and value of the 19 oz cannisters of Country Time lemonade and pink lemonade powder drink mixes.

59.     The failures at issue herein existed when the 19 oz cannisters of Country Time lemonade and pink lemonade powder drink mixes left Kraft Heinz' possession or control and were sold to Plaintiff and the putative Class Members.  The true nature of the 19 oz cannisters of Country Time lemonade and pink lemonade powder drink mixes was not discoverable by Plaintiff or the putative Class Members at the time of their purchase.

60.     All conditions precedent to seeking liability under this claim for breach of express warranty have been performed by or on behalf of Plaintiff and the putative Class Members.

61.     Although not required, Kraft Heinz was placed on reasonable notice of the defect in the 19 oz cannisters of Country Time lemonade and pink lemonade powder drink mixes and their breach of the warranty, and have failed to cure the defects for Plaintiff and the putative Class Members, despite having reasonable time to do so.

62.     Kraft Heinz breached its express warranties because the 19 oz cannisters of Country Time lemonade and pink lemonade powder drink mixes did not contain the properties Kraft Heinz represented them to contain, i.e., they did not make 8eight quarts of drink.

63.     Kraft Heinz' breaches of warranties have cause Plaintiff and the putative Class Members to suffer injuries, pay for the 19 oz cannisters of Country Time lemonade and pink lemonade powder drink mixes without the promised properties, and enter into transactions they would not have entered into for the consideration paid.

64.     As a direct and proximate result of Kraft Heinz' breaches of warranties, Plaintiff and the putative Class Members have suffered damages and continue to suffer damagers, including economic damages in terms of the cost of the 19 oz cannisters of Country Time lemonade and pink lemonade powder drink mixes and the cost of efforts to mitigate the damages caused by using the 19 oz cannisters of Country Time lemonade and pink lemonade powder drink mixes.

65.     As a direct and proximate result of Kraft Heinz' breaches of these warranties, Plaintiff and the putative Class Members are entitled to legal and equitable relief including damages, costs, attorneys' fees, rescission, and all such other relief deemed appropriate, for an amount to compensate them for not receiving the benefit of their bargain.

66.     Plaintiff and the putative Class Members therefore seek and are entitled to recover damages and other legal and equitable relief, injunctive relief, and costs and expenses (*including attorneys' fees based upon actual time expended*), as provided by 15 U.S.C. § 2310(d).

**COUNT II**
**BREACH OF EXPRESS WARRANTY**
**(On behalf of the Nationwide Class and Alabama Subclass)**

67.     Plaintiff asserts this cause of action on behalf of himself, the Nationwide Class, and the Alabama Subclass.

68.     Kraft Heinz manufactured, marketed, distributed, and sold 19 oz cannisters of Country Time lemonade and pink lemonade powder drink mixes as part of its regular course of business.

69.     Plaintiff and the putative Class Members purchased the 19 oz cannisters of Country Time lemonade and pink lemonade powder drink mixes either directly from Kraft Heinz or through authorized retailers.

13

70.     Kraft Heinz made the express representation and warranties nationwide to all United States consumers that the 19 oz containers would make eight quarts of drink, which became the basis of the bargain between Plaintiff, the putative Class Members, and Kraft Heinz. Thereby creating express warranties that the 19 oz cannisters of Country Time lemonade and pink lemonade powder drink mixes would conform to Kraft Heinz' affirmations of fact, representations, promises, and descriptions; specifically, that the 19 oz cannisters of Country Time lemonade and pink lemonade powder drink mixes make eight quarts of lemonade or pink lemonade.

71.     Kraft Heinz breached its express warranties because the 19 oz cannisters of Country Time lemonade and pink lemonade powder drink mixes did not contain the properties Kraft Heinz represented them to contain, i.e., the cannisters did not make eight quarts of the drink.

72.     The failures at issue herein existed when the 19 oz cannisters of Country Time lemonade and pink lemonade powder drink mixes left Kraft Heinz' possession or control and were sold to Plaintiff and the putative Class Members.  The true nature of the 19 oz cannisters of Country Time lemonade and pink lemonade powder drink mixes was not discoverable by Plaintiff or the putative Class Members at the time of their purchase.

73.     Kraft Heinz had actual knowledge of the breach, and given the nature of the breach, (*i.e., false representations regarding the 19 oz cannisters of Country Time lemonade and pink lemonade powder drink mixes*), Kraft Heinz necessarily had knowledge that the representations made were false, deceptive, and/or misleading.

74.     Kraft Heinz' breaches of warranties have caused Plaintiff and the putative Class Members to suffer injuries, pay for the 19 oz cannisters of Country Time lemonade and pink lemonade powder drink mixes without the promised properties, and enter into transactions they would not have entered into for the consideration paid.

75.     As a direct and proximate result of Kraft Heinz' breaches of these warranties, Plaintiff and the putative Class Members are entitled to legal and equitable relief including damages, costs, attorneys' fees, rescission, and all such other relief deemed appropriate, for an amount to compensate them for not receiving the benefit of their bargain.

## COUNT III
## BREACH OF IMPLIED WARRANTY
### (On behalf of the Nationwide Class and Alabama Subclass)

76.     Plaintiff asserts this cause of action on behalf of himself and the Nationwide Class and the Alabama Subclass.

77.     Section 2-314 of the Uniform Commercial Code provides that, unless excluded or modified, a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind.  To be "merchantable," goods must, inter alia, "pass without objection in the trade under the contract description," "run, within the variations permitted by the agreement of even kind, quality and quantity within each unit and among all united involved," be "adequately contained, packaged, and labeled as the agreement may require," and "conform to the promise or affirmations of fact made on the container or label."

78.     Kraft Heinz formulated, manufactured, tested, marketed, promoted, distributed, and sold the 19 oz cannisters of Country Time lemonade and pink lemonade powder drink mixes as having certain characteristics, i.e., that the 19 oz cannisters would make eight quarts of drink, to Plaintiff and the putative Class Members who purchased the 19 oz cannisters of Country Time lemonade and pink lemonade powder drink mixes.

79.     Kraft Heinz knew the use for which the 19 oz cannisters of Country Time lemonade and pink lemonade powder drink mixes were intended (in fact expressly labelling them stating

they make eight quarts) and impliedly warranted the product to be of merchantable quality, safe, and fit for use.

80.     Plaintiff and the putative Class Members reasonably relied on the skill, express affirmations of fact, and judgment of Kraft Heinz, and as such, their implied warranty, in using the 19 oz cannisters of Country Time lemonade and pink lemonade powder drink mixes.

81.     However, the 19 oz cannisters of Country Time lemonade and pink lemonade powder drink mixes were not and are not of merchantable quality or safe or fit for their intended use, because they are unfit for the ordinary purpose for which they were used.  Specifically, the 19 oz cannisters of Country Time lemonade and pink lemonade powder drink mixes' actual contents belie Kraft Heinz' labelling that the cannister will make eight quarts of the drink.

82.     Kraft Heinz breached its implied warranties because the 19 oz cannisters of Country Time lemonade and pink lemonade powder drink mixes do not have the quality, quantity, characteristics, or benefits as promised, and because the 19 oz cannisters of Country Time lemonade and pink lemonade powder drink mixes do not conform to the promises made on their labels and/or on Kraft Heinz' Country Time website, i.e., each cannister does not make eight quarts of the drink.

83.     As a direct and proximate result of one or more of these wrongful acts or omissions of Kraft Heinz, Plaintiff and the putative Class Members suffered injuries and damages.

84.     Plaintiff and the putative Class Members were injured as a direct and proximate result of Kraft Heinz' breach because they would not have purchased the 19 oz cannisters of Country Time lemonade and pink lemonade powder drink mixes if they had known the true facts—the 19 oz cannisters of Country Time lemonade and pink lemonade powder drink mixes did not and do not have the characteristics, quality, or value as implied warranted.

85.     As a direct and proximate result of Kraft Heinz' breaches of these warranties, Plaintiff and the putative Class Members are entitled to legal and equitable relief including damages, costs, attorneys' fees, rescission, and all such other relief deemed appropriate, for an amount to compensate them for not receiving the benefit of their bargain.

**COUNT IV**
**VIOLATION OF THE ALABAMA DECEPTIVE**
**TRADE PRACTICES ACT**
**(CODE OF ALABAMA §§ 8-91-1, *et seq.*)**
**(On behalf of the Alabama Subclass)**

86.     Plaintiff asserts this cause of action on behalf of the Alabama Subclass.

87.     Kraft Heinz' marketing, sale, and/or distribution of the 19 oz cannisters of Country Time lemonade and pink lemonade powder drink mixes and Plaintiff and the putative Alabama Subclass Members' purchase of the 19 oz cannisters of Country Time lemonade and pink lemonade powder drink mixes was a sale or distribution of goods to a consumer within the meaning of the Alabama Deceptive Trade Practices Act, ALA. CODE §§ 8-19-1, *et seq.*

88.     Plaintiff and the putative Alabama Subclass Members purchased the 19 oz cannisters of Country Time lemonade and pink lemonade powder drink mixes for personal, family, or household use.

89.     Kraft Heinz' acts and practices expressly representing and warranting that the 19 oz containers of powdered drink will make eight quarts of the drink have misled and deceived and/or likely to mislead and deceive members of the Alabama Subclass and the general public of the State of Alabama.  Kraft Heinz has labelled, marketed, and sold the 19 oz cannisters of Country Time lemonade and pink lemonade powder drink mixes as having certain characteristics, i.e., that each cannister of 19 oz of drink mix will make eight quarts of the drink.  Thus, Kraft Heinz has wrongfully:

    a.  Represented that its goods (*i.e.*, *19 oz cannisters of Country Time lemonade and pink lemonade powder drink mixes*) have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities that they do not have;

    b.  Represented that its goods (*i.e.*, *19 oz cannisters of Country Time lemonade and pink lemonade powder drink mixes*) are of a particular standard, quality, or grade, or that its good (*i.e.*, *19 oz cannisters of Country Time lemonade and pink lemonade powder drink mixes*) are of a particular style or model, if they are of another;

    c.  Failed to provide adequate warnings or instruction that a manufacturer exercising reasonable care would and should have provided concerning the risk of suffering economic injuries from use and/or repeated use of the 19 oz cannisters of Country Time lemonade and pink lemonade powder drink mixes, particularly in light of the likelihood that the 19 oz cannisters of Country Time lemonade and pink lemonade powder drink mixes would cause economic injuries;

    d.  Knowingly, intentionally, and/or recklessly omitted, suppressed, and/or concealed that the 19 oz cannisters of Country Time lemonade and pink lemonade powder drink mixes did not contain enough powder drink mix to make eight quarts of lemonade or pink lemonade; and,

    e.  Engaged in unconscionable, false, misleading, and/or deceptive acts and/or practices in the conduct of trade or commerce—marketing, labelling, and selling the 19 oz cannisters of Country Time lemonade and pink lemonade powder drink mixes.

90.    By its actions, Kraft Heinz is disseminating uniform false labelling, concerning the 19 oz cannisters of Country Time lemonade and pink lemonade powder drink mixes, which by its nature is unfair, deceptive, untrue, and/or misleading within the meaning of the Alabama Deceptive Trade Practices Act.  Such actions are likely to deceive, do deceive, and continue to deceive the Alabama general public for all the reasons detailed herein above.

91.    Kraft Heinz intended for Plaintiff and the Alabama Subclass Members to rely on its representations and omissions and Plaintiff and the Alabama Subclass Members did rely on Kraft Heinz' misrepresentations and omissions of fact.

92.    The misrepresentations and omissions of fact constitute deceptive, false, and misleading labelling in violation of the Alabama Deceptive Trade Practices Act.

93.     By performing the acts described herein, Kraft Heinz caused monetary damage to Plaintiff and the Alabama Subclass Members of similarly situated individuals.

94.     Accordingly, Plaintiff requests the following relief both individually and on behalf of the Alabama Subclass Members:

    f.   Actual damages sustained by Plaintiff and the Alabama Subclass Members or the sum of $100.00, whichever is greater;

    g.   Three times actual damages;

    h.   Appropriate injunctive relief in the form of enjoining Kraft Heinz from continuing to violate Alabama statutory law;

    i.   Attorneys' fees and costs; and,

    j.   Such other and further relief as the Court deems proper.

## PRAYER FOR RELIEF

Wherefore, Plaintiff, individually and on behalf of all other similarly situated, seeks judgment against Kraft Heinz, as follows:

    a.   For an order certifying the Class under Federal Rules of Civil Procedure 23;

    b.   For an order and naming Plaintiff as representative of the Nationwide Class and the Alabama Subclass;

    c.   For an order naming Plaintiff's counsel as Class Counsel to represent the Nationwide Class and the Alabama Subclass;

    d.   For an order finding in favor of Plaintiff, the Nationwide Class, and the Alabama Subclass on all counts asserted herein;

    e.   For compensatory, statutory, and punitive damages in amounts to be determined by a jury and/or the Court;

    f.   For prejudgment interest on all amounts awarded;

g.     For an order of restitution and all other forms of equitable monetary relief, including disgorgement of all profits and ill-gotten monetary gains received by Kraft Heinz from sales of the 19 oz cannisters of Country Time lemonade and pink lemonade powder drink mixes;

h.     For an order enjoining Kraft Heinz from continuing the unlawful practices detailed herein; and,

i.     For an order awarding Plaintiff, the Nationwide Class, and the Alabama Subclass their reasonable attorneys' fees and expenses and costs of suit.

**<u>PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY</u>**
**<u>ON ALL ISSUES SO TRIABLE</u>**

Respectfully submitted, this the 22nd day of June, 2022.

/s/ Lloyd W. Gathings
Lloyd W. Gathings (ASB-1365-G58L)
lgathings@gathingslaw.com
Honora M. Gathings (ASB-2332-G70H)
hgathings@gathingslaw.com
Attorneys for Plaintiff

**Gathings Law**
2140 11th Avenue South
Suite 210
Birmingham, AL 35205
T: (205) 322-1201
F: (205) 322-1202

<u>Plaintiff's Address</u>:
5256 Highland Trace Circle
Birmingham, AL 35215

/s/ Lloyd W. Gathings
OF COUNSEL

21