# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| DEMARCUS RODGERS, on behalf of himself and all others similarly situated,<br><br>   Plaintiff,<br><br>v.<br><br>KRAFT HEINZ FOODS COMPANY,<br><br>   Defendant. | )<br>)<br>)<br>) Case No. 2:22-CV-00504-AMM<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT KRAFT HEINZ FOODS COMPANY'S OPPOSED MOTION TO DISMISS PLAINTIFF'S FIRST AMENDMENT TO CLASS ACTION COMPLAINT

## **TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................1

BACKGROUND ...................................................................................................3

ARGUMENT .........................................................................................................4

    I.    Plaintiff Has Not Plausibly Alleged That the Phrase "Makes 8 Quarts" Is False or Misleading. ...............................................................4

    II.    Plaintiff's ADTPA, Breach of Express Warranty, and Breach of Implied Warranty Claims Fail for Independent Reasons. ......................................7

        A.    All three claims fail because Plaintiff failed to provide Kraft Heinz with the pre-suit notice required by Alabama law..............................7

        B.    The ADTPA claim also fails because Plaintiff has not plausibly alleged any facts suggesting "knowledge of wrongdoing." ...............9

        C.    Plaintiff's breach of implied warranty claim fails for lack of privity. ...............................................................................................10

    III.    Plaintiff Has Not Stated a Viable Claim Under the MMWA...................11

CONCLUSION ....................................................................................................13

i

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Abraham v. Volkswagen of Am., Inc.*,
  795 F.2d 238 (2d Cir. 1986) .................................................................................12

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ........................................................................................9, 10

*Barr v. Gen. Motors Corp.*,
  80 F.R.D. 136 (S.D. Ohio 1978) ..........................................................................12

*Brodsky v. Aldi Inc.*,
  No. 20-7632, 2021 WL 4439304 (N.D. Ill. Sept. 28, 2021) ............................5, 6

*Cunningham v. Fleetwood Homes of Ga., Inc.*,
  253 F.3d 611 (11th Cir. 2001) ..............................................................................12

*Deerman v. Fed. Home Loan Mortg. Corp.*,
  955 F. Supp. 1393 (N.D. Ala. 1997) .....................................................................9

*Floyd v. Am. Honda Motor Co.*,
  966 F.3d 1027 (9th Cir. 2020) .............................................................................12

*Foster v. Stooksbury Farms*,
  No. 04-1277, 2007 WL 9711706 (N.D. Ala. Oct. 24, 2007) ..............................11

*Fowler v. Goodman Mfg. Co.*,
  No. 14-968, 2014 WL 7048581 (N.D. Ala. Dec. 12, 2014) ................................11

*Hart v. Yamaha-Parts Distributors, Inc.*,
  787 F.2d 1468 (11th Cir. 1986) .............................................................................8

*Jackson v. Anheuser-Busch InBev SA/NV*,
  No. 20-23392, 2021 WL 3666312 (S.D. Fla. Aug. 18, 2021) ............................12

*Johnson v. Anderson Ford, Inc.*,
  686 So. 2d 224 (Ala. 1996) .................................................................................11

*Kornegay v. Beretta USA Corp.*,
  No. 22-124, 2022 WL 2705249 (N.D. Ala. July 12, 2022) .............................7, 8

*Lewis v. Mercedes-Benz USA, LLC*,
  530 F. Supp. 3d 1183 (S.D. Fla. 2021) ................................................................ 12

*McCabe v. Daimler AG*,
  948 F. Supp. 2d 1347 (N.D. Ga. 2013) ................................................................ 11

*Morris v. Walmart Inc.*,
  No. 19-650, 2020 WL 470287 (N.D. Ala. Jan. 29, 2020) ................................... 11

*Nimbus Techs., Inc. v. SunnData Prod., Inc.*,
  484 F.3d 1305 (11th Cir. 2007) ............................................................................. 7

*Nimbus Techs., Inc. v. SunnData Prod., Inc.*,
  No. 04-0312, 2005 WL 6133373 (N.D. Ala. Dec. 7, 2005) .................................. 7

*Penaloza v. Drummond Co.*,
  384 F. Supp. 3d 1328 (N.D. Ala. 2019) ............................................................... 10

*Rampey v. Novartis Consumer Health, Inc.*,
  867 So. 2d 1079 (Ala. 2003) ................................................................................ 10

*Sam v. Beaird*,
  685 So. 2d 742 (Ala. Civ. App. 1996) ................................................................... 9

*Sheehan v. Bowden*,
  572 So. 2d 1211 (Ala. 1990) .................................................................................. 8

*Smith v. Apple, Inc.*,
  No. 08-1498, 2009 WL 3958096 (N.D. Ala. Nov. 4, 2009) .................................. 8

*Sorin v. Folger Coffee Co.*,
  No. 20-80897, 2021 WL 5545292 (S.D. Fla. Mar. 5, 2021) ................................. 6

*State Farm Fire & Cas. Co. v. J.B. Plastics, Inc.*,
  505 So. 2d 1223 (Ala. 1987) ................................................................................ 10

*SunSet Engineered Sys., LLC v. Primex Plastics Corp.*,
  No. 06-1865, 2009 WL 10704131 (N.D. Ala. Sept. 24, 2009) ........................... 10

**Statutes**

Ala. Code § 7–2–607 .................................................................................................. 8

Ala. Code § 8-19-10 ............................................................................................... 7, 8

Class Action Fairness Act, 28 U.S.C. § 1332(d) ......................................................12

Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*...................................4, 12

**Other Authorities**

Fed. R. Civ. P. 8 ..........................................................................................................9

Fed. R. Civ. P. 9 ..........................................................................................................9

Fed. R. Civ. P. 12 ........................................................................................................1

Defendant Kraft Heinz Foods Company ("Kraft Heinz") moves to dismiss Plaintiff DeMarcus Rodgers's First Amendment to Class Action Complaint ("FAC"), ECF No. 7, pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief can be granted.  Kraft Heinz seeks dismissal with prejudice.  The grounds for Kraft Heinz's motion are set forth below.

## **INTRODUCTION**

This lawsuit alleges that Kraft Heinz mislabels its 19-ounce canisters of Country Time Lemonade and Country Time Pink Lemonade with the phrase "Makes 8 Quarts."  Although Plaintiff does not—and cannot—dispute that the powder in each canister can make eight quarts of lemonade when mixed with eight quarts of water, he claims that the canisters are underfilled and that the lemonade "taste[s] diluted" as a result.  FAC ¶ 29.  But Plaintiff's subjective preference for stronger-tasting lemonade does not amount to a plausible consumer fraud claim, and his lawsuit suffers from numerous independent defects that require its dismissal.

The fundamental flaw in Plaintiff's lawsuit is that the statement "Makes 8 Quarts" is true because a consumer can, in fact, mix the powder in each canister with eight quarts of water.  By their nature, powdered beverage mixes like Country Time Lemonade can be made as strong or as weak as any individual prefers.  Indeed, the label expressly advises consumers to "[a]dd more or less to taste."  *Id*. ¶ 13.  Plaintiff's subjective belief that each canister should contain more powder and that

1

the lemonade should taste stronger does not render the "Makes 8 Quarts" statement false or misleading so as to state a plausible claim.

Moreover, even if Plaintiff *could* plausibly allege that Kraft Heinz's labeling is misleading, all of his claims suffer from independent defects that require their dismissal. Plaintiff's breach of warranty claims and his claim under the Alabama Deceptive Trade Practices Act ("ADTPA") all fail because Plaintiff failed to provide Kraft Heinz with the required notice before filing his lawsuit. The ADTPA claim independently fails because Plaintiff has not plausibly alleged that Kraft Heinz had knowledge that its Country Time products were "underfilled." The implied warranty claim also fails because Plaintiff is admittedly not in privity with Kraft Heinz. And Plaintiff's claim under the Magnuson-Moss Warranty Act ("MMWA") is fatally flawed: leaving aside the fact that "Makes 8 Quarts" is not a "written warranty" under the MMWA, Plaintiff has not come close to satisfying the MMWA's jurisdictional requirement that there be at least 100 named plaintiffs.

When this Court struck Plaintiff's initial complaint, it warned him that he may not have another opportunity to amend his complaint. *See* ECF No. 4. But despite taking over two months to amend his complaint, Plaintiff has not come close to curing the fatal defects that defeat all of his claims. This Court should accordingly dismiss Plaintiff's lawsuit with prejudice.

2

## BACKGROUND

Kraft Heinz manufactures Country Time lemonade, a lemonade powder sold in plastic canisters. Some of the 19-ounce canisters of Country Time lemonade and pink lemonade state "Makes 8 Quarts" on the front label. *See* FAC ¶¶ 2, 11.

A consumer can make lemonade by mixing the powder in the canister with water. The canister directs consumers to make a single serving of lemonade by mixing 2 tablespoons of powder with 12 ounces of water. If a consumer wants to make a quart or more of lemonade at a time, the label directs the consumer to use the cap of the canister to measure out the powder to the fill line of the cap. However, the label also makes clear that these measurements are suggestions and that a consumer should "[a]dd more or less to taste." *Id.* ¶ 13.

Plaintiff alleges that, after purchasing 19-ounce canisters of Country Time lemonade and Country Time pink lemonade, he "began noticing that the lemonade and pink lemonade tasted diluted." *Id.* ¶ 29. He also alleges that he was "only able to measure six quarts worth of powder drink mix instead of the usual eight quarts worth of powder drink mix per cannister." *Id.* ¶ 30. Despite his claimed disappointment with the amount of powder in each canister, he alleges that he purchased additional canisters of Country Time lemonade and pink lemonade so that he could make additional lemonade and pink lemonade to drink. *See id.* ¶ 32.

Based on his personal experience of purchasing allegedly underfilled lemonade canisters, Plaintiff alleges that "Kraft Heinz has engaged in a widespread marketing campaign to portray that the 19 oz cannisters of Country Time lemonade and pink lemonade powder drink mixes make eight quarts," even though this representation is allegedly "not true." FAC ¶ 19. Relying on this central theory of mislabeling, Plaintiff asserts claims against Kraft Heinz for violations of the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301 *et seq.*, breach of express warranty, breach of implied warranty, and violations of the ADPTA. *See* FAC ¶¶ 46–94. He asserts his MMWA and breach-of-warranty claims on behalf of a putative nationwide class, and he asserts his ADTPA claim on behalf of a putative Alabama class. *See id.* ¶¶ 36–37.

## ARGUMENT

**I.      Plaintiff Has Not Plausibly Alleged That the Phrase "Makes 8 Quarts" Is False or Misleading.**

All of Plaintiff's claims against Kraft Heinz are premised on his allegation that the phrase "Makes 8 Quarts" is false and misleading because each 19 ounce canister of Country Time Lemonade lacks sufficient beverage powder to make eight quarts of lemonade.[1] That allegation fails, however, because there is no dispute that

---

[1] *See* FAC ¶ 57 ("Kraft Heinz breached the applicable warranty because . . . [t]he 19 oz cannisters … made less than eight quarts of the mixes."); *id.* ¶ 71 ("Kraft Heinz breached its express warranties because the 19 oz cannisters of Country Time lemonade and pink lemonade drink powder mixes . . . did not make eight quarts of

4

the powder in each canister can be mixed with eight quarts of water, resulting in a lemonade-flavored beverage.  Although Plaintiff alleges that the lemonade "tasted diluted" (FAC ¶ 29), his subjective belief that the lemonade tasted too weak does not amount to a plausible breach-of-warranty or consumer fraud claim.

*Brodsky v. Aldi Inc.*, No. 20-7632, 2021 WL 4439304 (N.D. Ill. Sept. 28, 2021), is instructive.  There, the plaintiffs accused the defendants of "underfilling their cannisters of coffee" because the labels advertised that each canister could make up to 210 six-ounce cups of coffee, "but in fact only produce[d] 137 cups for the 100% Colombian Roast and 173 cups for the Classic Roast." *Id.* at *2.  The court dismissed this claim, holding that the challenged labeling was "not a promise that the cannister *will* make that amount, but just that it can under certain circumstances." *Id.* at *5 (emphasis in original).  In so holding, the court emphasized that the yield of coffee would depend on the "desired strength of each serving," and it observed that "people enjoy—and intentionally brew—coffee at different strengths." *Id.* Absent any plausible allegation that "the cannister cannot yield 210 cups of coffee under any circumstances," the court concluded that the "labeling, when viewed as a whole, is not deceptive." *Id.*

---

the drink."); *id.* ¶ 82 ("Kraft Heinz breached its implied warranties because . . . each cannister does not make eight quarts of the drink."); *id.* ¶ 89 ("Kraft Heinz' acts and practices expressly representing and warranting that the 19 oz containers of powdered drink will make eight quarts of the drink have misled and deceived and/or [are] likely to mislead and deceive members of the Alabama Subclass . . . .").

5

Similarly, in *Sorin v. Folger Coffee Co.*, the plaintiff—like the plaintiff in *Brodsky*—alleged that the defendant "misrepresent[ed] the number of servings its coffee containers can provide" by stating that "the canister makes up to a certain amount of suggested strength servings at the recommended ratio of six fluid ounces per one tablespoon." No. 20-80897, 2021 WL 5545292, at *1 (S.D. Fla. Mar. 5, 2021). In dismissing this claim, the court emphasized that the labeling did "not guarantee the specified amounts of cups" and noted that "[r]ecommendations on how to brew the best coffee cup are not the only way to make a cup of coffee." *Id.* at *2.

That reasoning applies with equal force here. Plaintiff has not disputed—and cannot dispute—that the powder in a 19-ounce canister of Country Time Lemonade can make eight quarts of lemonade when mixed with eight quarts of water. Plaintiff's allegation that the lemonade "tasted diluted" when made according to the instructions on the labeling (FAC ¶ 29) does not change this fact. Just as "no two people like their coffee exactly the same way" (*Brodsky*, 2021 WL 4439304 at *5), consumers enjoy their lemonade at various levels of strength. Indeed, that is why Kraft Heinz advises consumers on the labeling to "[a]dd more or less to taste." FAC ¶ 13. Plaintiff's subjective, idiosyncratic belief that the lemonade tastes "diluted" when made according to the instructions on the label does not amount to a plausible consumer fraud or breach of warranty claim.

## II.   Plaintiff's ADTPA, Breach of Express Warranty, and Breach of Implied Warranty Claims Fail for Independent Reasons.

Even if this Court accepted Plaintiff's implausible allegation that the Country Time canisters lack sufficient powder to make eight quarts of lemonade, his ADTPA, breach of express warranty, and breach of implied warranty claims all suffer from independent defects that require their dismissal.

### A.   All three claims fail because Plaintiff failed to provide Kraft Heinz with the pre-suit notice required by Alabama law.

Under the ADTPA, "a plaintiff must communicate a written demand to proposed respondent at least 15 days prior to the filing of any action." *Kornegay v. Beretta USA Corp.*, No. 22-124, 2022 WL 2705249, at *3 (N.D. Ala. July 12, 2022) (citing Ala. Code § 8-19-10). Compliance with this written demand requirement "is a condition precedent to filing suit under the Alabama Deceptive Trade Practices Act." *Nimbus Techs., Inc. v. SunnData Prod., Inc.*, No. 04-0312, 2005 WL 6133373, at *21 (N.D. Ala. Dec. 7, 2005), *aff'd*, 484 F.3d 1305 (11th Cir. 2007). Accordingly, "[P]laintiff has the burden of proving compliance" with the ADTPA's pre-suit demand provision by either demonstrating that he served a written demand on Kraft Heinz 15 days prior to filing suit or "showing, as a matter of law, that a demand was

7

not required because each defendant fell within one of the two exceptions of subsection (e)."[2] *Sheehan v. Bowden*, 572 So. 2d 1211, 1213 (Ala. 1990).

Similarly, Alabama law also "makes notice a condition precedent to any claim of breach of warranty." *Smith v. Apple, Inc.*, No. 08-1498, 2009 WL 3958096, at *1 (N.D. Ala. Nov. 4, 2009) (citing Ala. Code § 7–2–607(3)(a)). This pre-suit notice "must be affirmatively pleaded in the complaint." *Hart v. Yamaha-Parts Distributors, Inc.*, 787 F.2d 1468, 1474 (11th Cir. 1986). This notice requirement applies to both of Plaintiff's breach of warranty claims, as "[t]here is no distinction between implied warranties and express warranties insofar as this precondition is concerned." *Smith*, 2009 WL 3958096, at *1.

This defect is fatal to Plaintiff's ADTPA and breach-of-warranty claims. Not once in the FAC does Plaintiff allege that he provided written notice, or any notice at all, to Kraft Heinz prior to filing this lawsuit. Although Plaintiff alleges that "Kraft Heinz was placed on reasonable notice of the defect in the 19 oz canisters of Country Time lemonade and pink lemonade powder drink mixes and their breach of the

---

[2] The ADTPA provides that "[t]he demand requirements of this subsection shall not apply if the prospective respondent does not maintain a place of business or does not keep assets within the state." Ala. Code § 8-19-10(e). But those exceptions do not apply because Kraft Heinz is registered to do business in Alabama and maintains a place of business there. *See* Alabama Secretary of State, Business Entity Records, Kraft Heinz Foods Company (LLC), https://bit.ly/3BeKKbF (last visited July 24, 2022); *cf. Kornegay*, 2022 WL 2705249, at *3 (finding this exception applied because the "Alabama Secretary of State has no record of 'Beretta' being an Alabama business entity").

warranty" (FAC ¶ 61), that does not establish compliance with Alabama's requirement that the Plaintiff provide notice before filing suit. *See, e.g.*, *Deerman v. Fed. Home Loan Mortg. Corp.*, 955 F. Supp. 1393, 1400 (N.D. Ala. 1997) (holding that the plaintiffs' "failure to reasonably describe the unfair or deceptive practice in a timely letter is fatal to their claim under the Alabama law"). Because Plaintiff does not allege that he provided Kraft Heinz with a pre-suit demand, he cannot state a claim under the ADTPA or a breach of warranty claim.

> B. **The ADTPA claim also fails because Plaintiff has not plausibly alleged any facts suggesting "knowledge of wrongdoing."**

"[T]he ADTPA is generally written to require some knowledge of false or deceptive conduct on the part of the wrongdoer." *Sam v. Beaird*, 685 So. 2d 742, 744 (Ala. Civ. App. 1996). Here, however, the FAC is bereft of any facts suggesting that Kraft Heinz *knew* its Country Time canisters were underfilled. Although the FAC alleges that Kraft Heinz used the "Makes 8 Quarts" statement "[d]espite knowing that the 19 oz cannisters of Country Time lemonade and pink lemonade powder drink mixes do not contain enough powder drink mix to make eight quarts" (FAC ¶ 19), Plaintiff articulates no facts that substantiate his baseless allegation.

It is irrelevant that Rule 9(b) permits "intent, knowledge, and other conditions of a person's mind" to be "alleged generally." Fed. R. Civ. P. 9(b). As the Supreme Court has made clear, this does not give Plaintiff "license to evade the less rigid— though still operative—strictures of Rule 8." *Ashcroft v. Iqbal*, 556 U.S. 662, 686–

9

87 (2009); *see also Penaloza v. Drummond Co.*, 384 F. Supp. 3d 1328, 1346 (N.D. Ala. 2019) (noting that "bare allegations of knowledge" are "insufficient" under *Iqbal* to state a plausible claim for relief). Absent any *factual allegations* substantiating Plaintiff's conjecture that Kraft Heinz knew that its Country Time canisters were "underfilled," Plaintiff cannot state a plausible ADTPA claim.

### C. Plaintiff's breach of implied warranty claim fails for lack of privity.

Under Alabama law, a "claim for breach of implied warranty of merchantability seeking exclusively economic damages—as opposed to damages for personal injury—can be maintained only by a plaintiff who was in privity with the defendant." *SunSet Engineered Sys., LLC v. Primex Plastics Corp.*, No. 06-1865, 2009 WL 10704131, at *2 (N.D. Ala. Sept. 24, 2009) (citing *State Farm Fire & Cas. Co. v. J.B. Plastics, Inc.*, 505 So. 2d 1223, 1227 (Ala. 1987)). In other words, "a claim for breach of an implied warranty is not available against a manufacturer who was not involved in the transaction pursuant to which the complaining party purchased the product." *Rampey v. Novartis Consumer Health, Inc.*, 867 So. 2d 1079, 1087 (Ala. 2003). Where a defendant like Kraft Heinz "is the manufacturer and not the seller . . . no privity exists between it and [the plaintiff]." *Id.* at 1089.

Here, Plaintiff admits that he purchased "the[] cannisters from Walmart and the Tarrant Food Outlet in Jefferson County, Alabama." FAC ¶ 27. That admission

10

"is fatal to an implied warranty claim under . . . § 7–2–314." *Johnson v. Anderson Ford, Inc.*, 686 So. 2d 224, 228 (Ala. 1996).

### III. Plaintiff Has Not Stated a Viable Claim Under the MMWA.

In addition to his claims under Alabama law, Plaintiff also asserts a claim under the MMWA. *See* FAC ¶¶ 46–66. This claim fails for at least two reasons:

<u>First</u>, it is well-settled that "[a] claim under the MMWA may only proceed if a plaintiff has a companion state-law claim." *Morris v. Walmart Inc.*, No. 19-650, 2020 WL 470287, at *5 (N.D. Ala. Jan. 29, 2020). That is because "[t]he Act does not provide an independent cause of action for state law claims, only additional damages for breaches of warranty under state law." *McCabe v. Daimler AG*, 948 F. Supp. 2d 1347, 1364 (N.D. Ga. 2013); *accord Foster v. Stooksbury Farms*, No. 04-1277, 2007 WL 9711706, at *1 (N.D. Ala. Oct. 24, 2007) ("The [MMWA] creates a federal private right of action which applies, *inter alia*, against warrantors who, according to the applicable state law, breach express or implied warranties."). Here, because Plaintiff has not plausibly alleged a state law claim for breach of express warranty or breach of implied warranty, his claims under the MMWA necessarily fail as well. *See Fowler v. Goodman Mfg. Co.*, No. 14-968, 2014 WL 7048581, at *6 (N.D. Ala. Dec. 12, 2014) ("Plaintiff's state law Breach of Written Warranty claim is due to be dismissed, and his MMWA claim must also be dismissed.").

11

Second, the MMWA claim independently fails because Plaintiff has not satisfied the statute's jurisdictional requirement that there must be at least 100 named plaintiffs.[3] *See* 15 U.S.C. § 2310(d)(3)(C) (noting that an MMWA claim brought in federal court is not cognizable "if the action is brought as a class action, and the number of named plaintiffs is less than one hundred"); *see also Cunningham v. Fleetwood Homes of Georgia, Inc.*, 253 F.3d 611, 618 (11th Cir. 2001) ("[T]here must be 100 named plaintiffs for Magnuson–Moss class actions."); *Abraham v. Volkswagen of Am., Inc.*, 795 F.2d 238, 246 n.6 (2d Cir. 1986) ("Fewer than 100 named plaintiffs may not initiate a class action [under Magnuson-Moss Act] simply by promising to add more named plaintiffs at a later date.").

Here, there is only one "named plaintiff"—Plaintiff. That is 99 short of the 100 "named plaintiffs" required by the MMWA. 15 U.S.C. § 2310(d)(3)(C). And even if Plaintiff were correct that "there are tens of thousands of putative Class Members" (FAC ¶ 39), that does not "satisfy the precise jurisdictional mandate of § 2310(d)(3)(C) that there be one hundred *named* plaintiffs." *Barr v. Gen. Motors*

---

[3] As courts throughout the country have made clear, this requirement applies even if the Class Action Fairness Act, 28 U.S.C. § 1332(d), otherwise provides the district court with original jurisdiction over the action. *See, e.g.*, *Floyd v. Am. Honda Motor Co.*, 966 F.3d 1027, 1034–35 (9th Cir. 2020); *Lewis v. Mercedes-Benz USA, LLC*, 530 F. Supp. 3d 1183, 1206 (S.D. Fla. 2021) (noting that "the Eleventh Circuit has yet to consider the issue" but adopting the reasoning and holding of *Floyd*); *Jackson v. Anheuser-Busch InBev SA/NV*, No. 20-23392, 2021 WL 3666312, at *19 (S.D. Fla. Aug. 18, 2021) (applying same reasoning and holding that the court lacked jurisdiction over MMWA claim brought by "only two 'named plaintiffs'").

12

*Corp.*, 80 F.R.D. 136, 140 (S.D. Ohio 1978) (emphasis added). This Court lacks jurisdiction to entertain Plaintiff's MMWA claim, which must be dismissed.

## CONCLUSION

For the foregoing reasons, Kraft Heinz respectfully requests that the Court dismiss Plaintiff's lawsuit with prejudice.

                                       */s/ Sara Anne Ford*
                                       One of the Attorneys for Defendant
                                       Kraft Heinz Foods Company

OF COUNSEL:

Samuel H. Franklin
*sfranklin@lightfootlaw.com*
Sara Anne Ford
*sford@lightfootlaw.com*
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 20th Street North
Birmingham, AL 35203-3200
(205) 581-0700 (telephone)

## CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which sent notification of such filing to all counsel of record.

*s/ Sara Anne Ford*
Of Counsel